PETER CLAPP (SBN 104307)
VALLE MAKOFF LLP
101 YGNACIO VALLEY ROAD, STE. 1300
WALNUT CREEK, CA 94596
T: 415-692-7721
C: 510-318-4364
F: 415-986-8003
pwclapp@aol.com

Counsel to Sonia Osmani, Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re | Case No. 15-41641-WJF-7 |
|---|---|
| | Chapter 7 |
| **SONIA OSMANI,** | **1. DEBTOR'S MOTION TO RECONSIDER AND TO VACATE ORDER DISMISSING CHAPTER 7 CASE** |
| Debtor. | |
| | **2. MEMORANDUM OF LAW** |
| | **3. DECLARATION OF MIRWAIS RAZAWI (DEBTOR'S HUSBAND)** |
| | (No Hearing Scheduled) |

Sonia Osmani (the "Debtor") hereby moves under Rules 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure, made applicable by Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for reconsideration of, and for an order vacating, the Court's order, entered August 26, 2015, dismissing her chapter 7 case for failure to pay timely the final $80 installment of her filing fee (the "Dismissal Order").[1]

The Debtor's husband, Mirwais Razawi, mailed the final installment four days before it was due. It is uncertain why the Court did not receive the final installment timely. For that reason, and

---
[1] The Dismissal Order is Docket # 16.

1

for the reasons set forth below, the Debtor respectfully requests that the Court enter an order vacating the Dismissal Order.

    1.    Under this Court's Order For Payment of Fees in Installments (the "Installment Order"),[2] the final installment was due on or before August 24, 2015. The Dismissal Order was entered two days later, on August 26, 2015.

    2.    Mirwais Razawi is the Debtor's husband. As set forth in Mr. Razawi's Declaration, submitted herewith, on Thursday, August 20, 2015, at around 11:30 a.m., Mr. Razawi went to the United States Post Office at 200 S. 3d Street in San Jose. At the Post Office, he purchased a postal money order in the amount of $80. He placed the money order in an envelope and mailed it to Clerk of the Court at the address on the Installment Order.

    3.    Mr. Razawi is certain of the date that he mailed the money order, because he is a student at San Jose State University. The first day of class was August 20, 2015, and he went to the Post Office after class.

    4.    While he was at the Post Office, Mr. Razawi asked the clerk how long it would take for his envelope to get to Oakland. The clerk said "one or two days."

    5.    Mr. Razawi states that if he had believed that there was any risk that the money order would not be received by August 24, he would have hand-delivered the money order to the clerk's office in Oakland.

    6.    Copies of the receipts that Mr. Razawi received from the San Jose Post Office for the $80 postal money order and the stamped envelope are attached to his Declaration.

    7.    It is uncertain why the money order was not timely received by the Court.

    8.    The Debtor timely made the first two installment payments. The 341 hearing was successfully concluded. No creditor has filed an objection to her discharge or moved to have a debt declared non-dischargeable. The Debtor timely filed a certificate confirming her completion of the required Financial Management Course.[3]

---

[2] Docket # 8. The Debtor made an initial payment of $95 with the petition, and the Installment Order directed that the Debtor make three $80 installment payments, on June 25, 2015, July 27, 2015, and August 24, 2015, respectively.

[3] *See* Docket Sheet entries dated 6/26/15 and 7/9/15 (recording receipt of installment payments); entry dated 6/26/15 (Chapter 7 Trustee's Report of No Distribution, following 341 hearing); Docket # 15 (Financial Management Course certificate filed).

9. Under these circumstances, it would constitute unfair and unnecessary hardship for the Debtor to lose the benefit of the discharge, solely because the final installment was mailed but not timely received.

10. In his Declaration, Mr. Razawi confirms that, if the Court vacates the Dismissal Order and if, at that time, the Clerk has still not received the final installment, he will pay the outstanding amount within 48 hours.

*Notice.* The Debtor will give notice of this motion in accordance with Local Bankruptcy Rule 9014-1(b)(3), advising all parties in interest that they have 21 days to file and serve an objection to the requested relief, and including all the other material required by that Rule. If no objection is timely filed and served, the Debtor will submit a order granting the requested relief, as permitted by Local Bankruptcy Rule 9014-1(b)(4).

WHEREFORE, the Debtor respectfully requests that the Court enter an order vacating the Dismissal Order.

Dated: August 27, 2015     **VALLE MAKOFF LLP**

By: /s/_____
    Peter Clapp
    Attorney for Debtor